IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:21-cv-00260-M

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | DEFAULT JUDGMENT OF FORFEITURE |
| | ) | |
| $62,054.00 IN U.S. CURRENCY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on Plaintiff's Consent Motion for Default Judgment [DE 7]. Plaintiff alleges that Defendant is a seizure of $62,054.00 in United States currency ("USC") from Ezzaddin Mohammed Abdo Al-Matari, "which constitutes or is derived from proceeds traceable to any offense constituting 'specified unlawful activity' as defined in 18 U.S.C. §§ 1956(c)(7) and 1961(1) or a conspiracy to commit such offense, including trafficking in contraband cigarettes in violation of 18 U.S.C. § 2342(a)." Compl. at ¶ 1; Declaration of Special Agent William McLane, ¶ 3, DE 1-1. According to the declarant in this case, on February 11, 2021, Al-Matari was the driver of a rental vehicle stopped by law enforcement for speeding; when one of the officers approached, he noticed Al-Matari was extremely nervous and attempting to hide something in or around his coat; Al-Matari gave conflicting statements regarding his timeline of travel and the officer saw a ball of tin foil in Al-Matari's coat. After a K-9 open-air sniff alerted officers to an illegal narcotic odor, the officers searched the vehicle and found effects consistent with trafficking in contraband cigarettes, including black bed sheets to cover the cigarettes, and a large amount of currency, which was in brown and black grocery-style bags. McLane Decl. at 2–

1

6. The officers also found khat, an illegal narcotic. *Id.* at ¶ 23. Special Agent McLane attested that the black bed sheets, use of a rental vehicle, and contradictory statements given by Al-Matari were all "evidence of criminal activity" including "cigarette trafficking." *Id.* at ¶ 30.

As further evidence of smuggling and trafficking, Al-Matari was the subject of a second seizure of a large amount of currency while he was traveling from New York to North Carolina. *Id.* at ¶ 5. On May 20, 2021, an officer stopped Al-Matari for speeding. *Id.* at ¶¶ 32–34. Following a K-9 open-air sniff, officers searched Al-Matari's vehicle. *Id.* at ¶ 39. They found black bed sheets and a small duffle bag. Inside the duffle bag there were black plastic bags containing a large amount of U.S. currency determined to be $60,000. *Id.* at ¶ 42. Al-Matari followed an officer to the sheriff's office, watched the money be counted, and was given a receipt. *Id.* at ¶ 41–42.

The record reflects that the Plaintiff provided direct notice of this *in rem* forfeiture matter to known claimant Al-Matari (DE 5, 5-1, 5-2). Based upon the foregoing, and upon Plaintiff's request, the Clerk entered default against Defendant on October 8, 2021. [DE 6]. Accordingly, with due notice having been provided by the United States as required under the Supplemental Rules, the court finds that:

1. The Complaint and attached Declaration of Special Agent William McLane [DE 1, DE 1-1] satisfy the requirements of Fed. R. Civ. P. Supp. R. G(2);

2. Process was duly issued in this cause and the defendant was duly seized by the United States Marshal Service pursuant to said process;

3. No person has filed a proper claim to the Defendant nor any answer to the Plaintiff's Complaint within the time fixed by law and in accordance with the requirements of the Supplemental Rules;

4. On October 8, 2021, this court entered default in this action [DE 6]; and

2

6. The well-pled allegations of the Complaint with respect to the Defendant are taken as admitted, as no one has appeared to deny the same.

Based upon the above findings, it is hereby

ORDERED AND ADJUDGED that:

1. The motion is GRANTED and default judgment is entered against the Defendant;

2. All persons claiming any right, title, or interest in or to the Defendant are held in default;

3. The Defendant is forfeited to the United States of America for disposition according to law;

4. The United States shall have clear title to the Defendant and may warrant good title to any subsequent purchaser or transferee pursuant to 21 U.S.C. § 853(n)(7); and

5. Upon the entry of this judgment, the Clerk of Court is DIRECTED to close this case.

SO ORDERED this 19th day of January, 2022.

*Richard E Myers II*
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

3